UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HECKLER & KOCH, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:09-cv-0560-WTL-TAB |
| ) | |
| TIPPMAN SPORT, LLC, and ) | |
| TIGERSTRIPE PAINTBALL, LLC d/b/a ) | |
| SPECIAL OPS PAINTBALL, ) | |
| ) | |
| Defendants. ) | |

### ENTRY ON MOTION TO DISMISS OR TRANSFER

This cause is before the Court on a motion filed by the Defendants entitled Motion to Dismiss under Rule 12(b)(3) or, Alternatively, Motion to Transfer Venue under Section 1404(a). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion and **ORDERS** this case transferred to the United States District Court for the District of Utah ("Utah District") for the reasons set forth below.

Plaintiff Heckler & Koch, Inc. ("H&K") is a Virginia corporation with its principal place of business in Columbus, Georgia. Defendant Tippman Sports, LLC, ("Tippman") is a limited liability company with its principal place of business in Illinois. Defendant Tigerstripe Paintball, LLC, d/b/a Special Ops Paintball ("Tigerstripe") is a limited liability company with its principal place of business in Utah. Tippman manufactures paintball guns in its Fort Wayne, Indiana; Tigerstripe supplies Tippman with modifications and accessories for the paintball guns. H&K alleges that those accessories and modifications "serve to convert [Tippman's] paintball gun[s] into designs that replicate" firearms made by H&K, thereby infringing upon H&K's trademark and trade dress rights. H&K Response at 2. H&K's complaint asserts the following

claims: common law and statutory trademark infringement; trademark dilution; false designation of origin or sponsorship, false advertising and trade dress infringement; unfair competition; conversion; forgery; counterfeiting; and deception.

One day prior to the date this case was filed, Tigerstripe filed suit against H&K and others in the Utah District seeking a declaratory judgment that H&K has no valid or enforceable intellectual property rights in the design elements of the firearms at issue in this case. Tigerstripe also alleges that H&K's attempt to enforce invalid intellectual property rights constitutes tortious interference with Tigerstripe's business relationships. The Defendants now seek dismissal of this case on the ground that this district is not a proper venue for it or, in the alternative, transfer of this case to the Utah District so it may be litigated along with the case filed by Tigerstripe.

The Court need not determine whether venue is proper in this district because whether it is or not, the Court believes the appropriate course of action is to transfer this case to the Utah District. 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Assuming that venue is improper in this district, the fact that the parties are already litigating against one another in the Utah District would dictate a finding that justice would best be served by transfer, not dismissal. Assuming, on the other hand, that venue is proper in this district, the Court believes that a transfer to the Utah District would nevertheless be appropriate pursuant to 28 U.S.C. § 1404(a), which provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought."  For the reasons set forth below, the Court determines that the balance of the relevant factors weighs in favor of transferring this case to the Utah District.

The threshold question when reviewing a motion to transfer pursuant to § 1404(a) is whether the case could have been brought in the proposed transferee district.  There can be no dispute that this case could have been brought in the Utah District, as both Defendants are amenable to suit there and a substantial part of the events giving rise to H&K's claim–Tigerstripe's activities with regard to the allegedly infringing modifications and accessories–took place in that district.[1]

The issue, then, is whether the convenience of the parties, the convenience of the witnesses, and the interest of justice will be better served in this district or the Utah District.  As H&K points out, the general rule is that "'unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.'"  *In re National Presto Industries, Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947) and other cases).  "Rarely, however, is not never."  *In re National Presto*, 347 F.3d at 664.  Further, when the forum chosen is not the plaintiff's home forum, less deference is appropriate.  The deference due H&K's choice of this forum is eroded even further by the fact that Tigerstripe filed its case in the Utah District first.

With regard to the convenience of the parties, the Utah District clearly is more convenient for Tigerstripe, as it is located within that district.  While it appears that this district is

---

[1] H&K argues that venue is not appropriate in the Utah District because H&K has no contacts with Utah.  The fact is, however, that H&K is suing a Utah company for events that took place, at least in part, in Utah, and therefore clearly could have filed this suit in the Utah District.

more convenient geographically for Tippman, which has its principal place of business in our neighboring state of Illinois and a manufacturing facility in our neighboring judicial district, the Northern District of Indiana,[2] Tippman joins in the motion to transfer and therefore apparently has determined for non-geographical reasons that it is more convenient to litigate this case in the Utah District.  While H&K argues that this district is more convenient for it, it is a convenience of its own making, based not upon its presence here, but rather on the fact that its investigator and attorney are located here.  Similarly, much of the Defendants' relevant evidence is located in Utah, inasmuch as that is where the allegedly infringing modifications and accessories were designed, manufactured, and marketed by Tigerstripe.  None of the Defendants' witnesses or evidence is located within this district.  H&K counters this fact primarily with the fact that its investigation leading up to the filing of this case took place here.  Again, however, that was H&K's choice, and therefore it is not entitled to nearly as much weight as it would be if H&K (or any party) actually were located in this district or the events in question (the actual infringement, not the investigation of it) had taken place here.[3]

   The final factor to be considered is the "interest of justice."  H&K argues that the fact that it has filed numerous similar cases–that is, trademark infringement cases involving its

---

  [2]H&K talks generally about the Defendants' contacts with "Indiana."  While that is relevant to the question of personal jurisdiction, neither Defendant disputes this Court's jurisdiction over it.  Rather, at issue here is the most convenient venue, which relates to particular judicial districts, not states.

  [3]The Court recognizes that H&K alleges that sales of infringing goods to its investigators took place "in Indiana."  Even assuming that H&K means "within the Southern District of Indiana," the fact that the investigators are located here and made purchases here is, again, a function of H&K's choice of investigators; there is no allegation that the Defendants' sales activities in this district are any greater than its sales activities elsewhere.

firearms–in this Court is relevant to this factor, presumably because having numerous similar cases will enable this Court to become familiar with the relevant law. However, most of those cases have recently been transferred to the Central District of California, and, further, any federal district court will be equally capable of resolving the relatively uncomplicated types of claims asserted in this case, even those involving Indiana law. In any case, the fact that there is another case involving almost identical issues and parties pending in the Utah District is far more relevant to the interest of justice than whether unrelated, but similar, cases may be pending here.

As H&K notes, also relevant to the interest of justice factor is the speed with which the case is likely to be resolved. H&K argues that transferring this case to Utah will delay its resolution because it will require "shipment and travel across the country," ignoring the fact that keeping the case here will require Tigerstripe to "ship and travel across the country." H&K also points to statistics that suggest that "[t]here is little difference between the docket speed of this Court and the District of Utah." Pointedly, H&K does not mention any statistics regarding the relative caseload between the two districts, even though it argued in response to motions to transfer several of its other cases that such statistics were highly relevant. In fact, a comparison of the dockets in this district and the Utah District is relevant, *see In re National Presto*, 347 F.3d at 664, and clearly favors transfer. For the twelve-month period ending September 30, 2008, this court ranked 6th in the nation for the number of weighted filings per authorized judgeship (16th for unweighted); the Utah District ranked 32nd (46th for unweighted). *See* http://www.uscourts.gov/judbus2008/appendices/X1ASep08.pdf. These numbers do not take into account the fact that two of the five authorized judgeships on this court are vacant, while only one of five authorized judgeships is vacant in the Utah District. Further, while this court

5

has the benefit of the services of one senior judge, it appears that the Utah District has four. Finally, this district is under a declared "Judicial Emergency" due to its heavy caseload, while the Utah District is not.  *See* http://www.uscourts.gov/judicialvac.cfm.

  While the convenience factors do not compel transfer, neither do they strongly mitigate in favor of denying transfer.  However, the fact is that this case has virtually no intrinsic relationship with the Southern District of Indiana, while it is closely related to the Utah District, inasmuch as one of the Defendants is located there and much of the alleged infringing activity took place there.  This, coupled with the other factors relevant to the interest of justice inquiry, tips the balance firmly in favor of litigating this case in the Utah District.  Accordingly, the Defendants' motion to transfer is **GRANTED**.

  SO ORDERED:  12/11/2009

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Matthew D. Bruno
KIGHTLINGER & GRAY
mbruno@k-glaw.com

Erin A. Clancy
KIGHTLINGER & GRAY
eclancy@k-glaw.com

Mary Jane Frisby
BARNES & THORNBURG
mfrisby@btlaw.com

Romine C. Marshall
HOLLAND & HART LLP
60 East South Temple, Suite 2000

Salt Lake City, UT 84111-1031

Brian J. McGinnis
CONTINENTAL ENTERPRISES
bmcginnis@ce-ip.com

Mark A. Miller
HOLLAND & HART LLP
mmiller@hollandhart.com

Timothy J. O'Hara
BOSE MCKINNEY & EVANS, LLP
tohara@boselaw.com

Craig Eldon Pinkus
BOSE MCKINNEY & EVANS, LLP

cpinkus@boselaw.com

Bryan G. Pratt
HOLLAND & HART
bgpratt@hollandhart.com

Darlene R. Seymour
dseymour@ce-ip.com